# UNITED STATES DISTRICT COURT
## District of Maine

|  |  |  |
|---|---|---|
| ROBERT MCKENNEY, | ) | Docket No.  2:15-cv-00169-GZS |
| Plaintiff | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| PAUL RUBASHKIN, KYLE CANADA, and | ) | |
| JAMES BAILEY, | ) | |
| Defendants | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, through counsel, and hereby respond to the allegations contained in Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2.  To the extent that Plaintiff's Complaint attempts to state a claim through 42 U.S.C. § 1983, these Defendants are entitled to qualified immunity.

3.  To the extent that Plaintiff's Complaint attempts to state a claim under the Maine Tort Claims Act, Plaintiff's Complaint is barred by the notice provisions of said Act.

4.  To the extent that Plaintiff's Complaint attempts to state a claim under the Maine Tort Claims Act, these Defendants are entitled to discretionary function immunity and/or intentional act immunity.

5.  Plaintiff has failed to exhaust all administrative remedies, and his Complaint is therefore barred under the Prison Litigation Reform Act.

<u>ANSWER</u>[1]

Defendants admit that Plaintiff filed a grievance against Officer Paul Rubashkin alleging that Rubashkin assaulted him.  Defendants deny that Rubashkin did any such thing.

The Defendants deny the allegations that Defendant Bailey answered the grievance by stating, "Case closed, unfounded."

The Defendants admit that the Plaintiff filed a number of requests and grievances, but further and specifically aver that each and every grievance and/or request was responded to in writing.  The Defendants deny that Defendant Bailey deliberately ignored Plaintiff's attempts to speak with him.

The Defendants further and specifically aver that Plaintiff approached Defendant Bailey and stated that he wished to withdraw the grievance against Defendant Rubashkin, and that Defendant Bailey responded that the grievance could not be withdrawn but that he would not pursue it if the Plaintiff did not wish him to.

The Defendants admit that a letter addressed to the Plaintiff was intercepted in the mail room and that it contained Suboxone hidden in a photograph.

Defendants admit that Plaintiff was charged with trafficking in prison contraband.

Defendants admit that Plaintiff was charged with a facility rules violation of possession of narcotics and attended a disciplinary hearing.

Defendants admit that the evidence in the disciplinary hearing against the Plaintiff included information that Suboxone was found in the photograph in an envelope mailed to the Plaintiff, and that the Plaintiff arranged to have the Suboxone mailed to him in a telephone call that was recorded

[1]Plaintiff's Complaint ("Statement of Claim") is a narrative containing unnumbered paragraphs.  The Defendants are therefore unable to respond to the Complaint in traditional fashion.  Rather, the Defendants will respond to the allegations in the Complaint in the manner that they are set forth.

on the inmate telephone system.

The Defendants are without knowledge or information so as to form a belief as to whether the Plaintiff requested to have witnesses testify at the disciplinary hearing, but admit that the Plaintiff requested to hear the recorded conversation.

The Defendants are without sufficient knowledge or information so as to form a belief as to whether or not the Plaintiff was allowed to call witnesses at the disciplinary hearing; however, these Defendants admit that Plaintiff was denied access to the telephone recording at that time.  These Defendants further and specifically aver that they understood that the Plaintiff would receive the telephone recording as part of the discovery provided by the State in the criminal case for trafficking in prison contraband.  The Defendants admit that the Plaintiff was found guilty of the facility rules violation and was given twenty days of disciplinary segregation.

The Defendants admit that at various points in time, the Plaintiff was reclassified from medium to maximum security status, and on other occasions was reclassified from maximum to medium security status.  The reasons for the reclassification are contained in classification records maintained by the jail.

The Defendants admit that the Plaintiff appealed the reclassification decision to Defendant Bailey, who denied the appeal.

The Defendants are without sufficient knowledge or information so as to form a belief as to the length of time that the Plaintiff was held in disciplinary segregation but admit that he was held there after being found guilty of a facility rule violation.  The Defendants further admit that the Plaintiff did not actually touch the Suboxone that was mailed to him, but further and specifically aver that the Plaintiff arranged to have a person on the outside mail the drugs to him.

3

The Defendants admit that in approximately February of 2015, Plaintiff was given "trustee" status and was allowed to reside in the trustee pod.

The Defendants admit that Plaintiff was not assigned to work in the kitchen, but not because the Plaintiff could possibly make a weapon, but instead because the kitchen staff did not want him there based upon prior behavior. The Defendants deny that Defendants Bailey or Canada had anything to do with the decision not to assign the Plaintiff to the kitchen because of alleged concerns regarding weapons making.

The Defendants admit that the Plaintiff was not assigned to any outside work crew because of his institutional history.

The Defendants admit that the Plaintiff filed some grievances and some inmate requests, but further and specifically aver that none of these were ignored, and each and every one was responded to in writing.

The Defendants admit that on or about March 27, 2015, another inmate injured his shoulder. The Defendants admit that a video showed that the Plaintiff went into the bathroom area at approximately the same time as the other inmate did. Because both inmates refused to answer questions as to how the injury occurred, both inmates were written up. Thereafter, the Plaintiff approached Officer Rubashkin and told him that he had, in fact, punched the other inmate, and this caused the other inmate to fall to the ground and injure his shoulder. Based upon this confession, the Plaintiff was charged with fighting in violation of facility rules. The Defendants admit that the Plaintiff was placed in disciplinary segregation after being found guilty. The Defendants deny that the Plaintiff did not commit the violation of which he was found guilty.

4

The Defendants admit that the charge of trafficking in prison contraband was dismissed at arraignment, but are without sufficient knowledge or information so as to form a belief as to the reason for the dismissal.

The Defendants are without sufficient knowledge or information so as to form a belief as to what remarks or comments the judge made at the arraignment and therefore deny same.

The Defendants deny that Defendant Bailey said anything to the Plaintiff regarding the dismissal and an intent to bring other charges against the Plaintiff.

The Defendants again admit that the Plaintiff filed various requests and grievances, but deny that they were ignored.  The Defendants further and specifically aver that each and every grievance and/or request filed by the Plaintiff was answered in writing.

The Defendants admit that the Plaintiff has requested, from time to time, to use the Two Bridges Regional Jail law library.  The Defendants deny that the Plaintiff was not allowed to do so and further and specifically aver that written jail documents confirm the times when the Plaintiff was provided with access to the law library at his request.

The Defendants deny that they have ever harassed the Plaintiff in any way.  The Defendants further and specifically aver that any charges brought against the Plaintiff were based upon the Plaintiff's actions, and that any punishment was administered in conformity with facility rules for violations of which the Plaintiff was found guilty.

The remaining allegations contained in Plaintiff's Complaint, including those contained in the "Amendment to Claim," are simply repetitive and have therefore already been responded to.  To

the extent that these Defendants have omitted a response to a particular allegation, any such allegations are denied.

Dated: June 29, 2015                        /s/ Peter T. Marchesi                        
                                            Peter T. Marchesi, Esq.


                                             /s/ Cassandra S. Shaffer                        
                                            Cassandra S. Shaffer, Esq.

                                            Wheeler & Arey, P.A.
                                            Attorney for Defendants
                                            27 Temple Street, P.O. Box 376
                                            Waterville, ME 04903-0376

6

# UNITED STATES DISTRICT COURT
## District of Maine

|  |  |  |
|---|---|---|
| ROBERT MCKENNEY, | ) | Docket No.  2:15-cv-00169-GZS |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| PAUL RUBASHKIN, KYLE CANADA, and | ) |  |
| JAMES BAILEY, | ) |  |
| Defendants | ) |  |
|  | ) |  |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

• Answer and Affirmative Defenses to Plaintiff's Complaint

have been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

Robert McKenney
Two Bridges Regional Jail
522 Bath Road
Wiscasset, ME 04578

Dated: June 29, 2015

/s/ Peter T. Marchesi
Attorney for Defendants
Wheeler & Arey, P.A.
27 Temple Street, P.O. Box 376
Waterville, ME  04903-0376

7